By the Court.
 

 The relator, the Board of Education of the Cleveland City School District, in an original action in this court, seeks a writ of mandamus commanding its clerk, the respondent, to perform certain duties imposed on him by law (Sections 2293-26 and 2293-27, General Code) in connection with the issuance of bonds in the amount of $4,382,000, authorized by resolution of the relator, for the purpose of engaging in a program of constructing new school buildings, improving others and acquiring lands, with the financial assistance of the federal government to the extent of forty-five per cent of the cost of such project, but not exceeding the sum of $3,562,702.
 

 Answering, the respondent defends his conduct in refusing to comply with the demands of the relator on the basis that the relator can not issue such bonds without a favorable vote of the people in the territory affected, because the indebtedness represented thereby would require a tax levy on property within a part of the school district beyond the one per cent limitation imposed by Section 2, Article XII of the Constitution of Ohio.
 

 The issue to be decided is raised by a demurrer to the answer.
 

 
 *24
 
 It appears from the pleadings that the Cleveland City School District comprises the greater part of the city of Cleveland, including also the area embraced within the villages of Linndale and Newburgh Heights, and portions of the area of Garfield Heights, Warrens-ville Heights, Shaker Heights and East Cleveland.
 

 In his answer the respondent further alleges that if all levies for debt purposes were to be made on the general tax duplicate in the taxing subdivisions which overlap the Cleveland City School District, the constitutional limitation of one per cent or ten mills would be exceeded in the cities of Garfield Heights and Shaker Heights and in the villages of Linndale and Warrensville Heights.
 

 The relator argues that the indirect debt limitation imposed by Section 2, Article XII of the Constitution should be gauged by the tax requirements' for bonds of the city of Cleveland and the county of Cuyahoga, and that the requirements of the four municipalities named in the preceding paragraph should be ignored, since they constitute but a very minor part of the Cleveland City School District.
 

 Quite recently this court decided the case of
 
 State, ex rel. City of Portsmouth,
 
 v.
 
 Kountz, Mayor,
 
 129 Ohio St., 272, 194 N. E., 869, in which it was held that Section 2, Article XII of the Constitution creates, by implication, a debt limitation. Paragraph four of the syllabus of that case states the following -definite rule:
 

 “In determining whether a proposed bond issue is within the ten-mill limitation fixed by the Constitution, the outstanding unvoted bonded indebtedness of all overlapping political subdivisions must be included.”
 

 This case would seem to dispose of the instant case adversely to the relator. And the situation is not altered by the later case of
 
 State, ex rel. Ohio National Bank,
 
 v.
 
 Village of Hudson,
 
 134 Ohio St., 150, 16 N. E. (2d), 266, -which dealt exclusively with a problem having to do with indebtedness incurred prior to the adop
 
 *25
 
 tion of the ten-mill limitation, and did not modify the holding of the
 
 Portsmouth case.
 

 It follows that the demurrer to the answer is overruled and, all counsel agreeing this determination is dispositive of the entire case, the writ must be denied.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.
 

 Day, J., not participating.